LUTTIG, Circuit Judge,
dissenting.
I respectfully dissent from my colleagues’ disposition of this case. There are two flaws with the majority’s opinion. First, it assumes wrongly (with little analysis) that the municipal resolution under review constitutes government regulation, which is subject to preemption, rather than proprietary action of the municipality, which is not, see ante at 176-77, when it is clear that the City acted in the latter capacity when it passed the resolution in question. Second, even were the majority correct in its unexamined assumption that the resolution constitutes regulation as opposed to the exercise of proprietary power, the Magnuson Act does not preempt the resolution because this single jurisdiction’s limitation of docking privileges at this single dock does not actually interfere with the activities protected by the Act.
As to the first flaw, “preemption doctrines apply only to state regulation. [The Supreme Court’s] decisions in this area support the distinction between government as regulator and government as proprietor,” Building and Constr. Trades Council v. Associated Builders and Contractors, 507 U.S. 218, 227, 113 S.Ct. 1190, 122 L.Ed.2d 565 (1993) (emphasis added). And, as the district court noted, “[w]hether or not a governmental entity is acting as a market participant is a very fact specific determination.” J.A. at 345 (district court opinion). Here, the facts unequivocally demonstrate that the City was “a lessor of its property, [] participating in the economic marketplace for the provision of physical marketplaces.” Id. at 350.
That the City’s only remedy when long-line fishing boats dock at the Maritime Center lies in trespass as the majority itself acknowledges, see ante at 176-77, confirms that the City acted in its proprietary capacity when it enacted the instant resolution: The resolution has no enforcement mechanism and gains force only in so far as the City acts like a private landowner and exercises private property rights that exist independently of the resolution. Cf. SSC Corp. v. Town of Smithtown, 66 F.3d 502, 512-13 (2nd Cir.1995) (observing that the attachment of enforcement mechanisms to statutory command indicates that a state is regulating).
Simply, the resolution is a decision by the City, as a participant in the market, as to how it will manage its own property. The citizens weighed-in, a legislative decision was made, and now, the City’s land is to be managed in conformity with the democratically-derived directive. The only federal restraint imposed on the conduct of a governmental entity acting in such a capacity is the direct command of federal law.
Even were the majority correct in its characterization of the resolution as regulatory in nature, the resolution would yet be valid because it does not interfere with activities protected by the Magnuson Act. As the district court held, this single resolution, of a single local jurisdiction, governing a single dock, does not interfere at all, much less significantly, with longline fishing. It does not even prevent longline fishermen from landing within this one City’s jurisdiction.
Allowing individual municipalities to prevent longline fishermen from landing in their respective jurisdictions would allow municipalities to produce, piecemeal, conflict such as that held to be preempted in *183 Southeastern Fisheries Assoc. Inc. v. Chiles, 979 F.2d 1504 (11th Cir.1992). But when, as here, a municipality does not close its shores, no such piecemeal conflict is even possible. Not only may longline fishermen continue to dock elsewhere along the South Carolina coast, they may continue to dock in the City of Charleston itself — just not at the one dock reached by the resolution.
Appellants failed to contest the City’s claims that there are other docks in Charleston Harbor (i.e., also advantageously positioned with respect to being in a deep-water port), at which longline fishermen may dock, unaffected by the resolution. See Appellee’s Br. at 11-12. Alone, this failure is fatal to appellants’ claim.
Appellants did offer testimony that in Charleston Harbor there is currently no other dock site presently complete with all of the services necessary for landing swordfish. See Appellants’ Br. at 50-51. But none of that testimony creates a genuine issue of fact as to whether dock space that could be configured to land such fish is in fact rendered unavailable in Charleston Harbor by the resolution. In the absence of any evidence contradicting that offered by the City on this issue, the district court was certainly correct to grant summary judgment.
The “motive” of the City’s officials in enacting the resolution is irrelevant to the actual conflict analysis. Cf. ante at 175-76. Though the majority relies on Building and Constr. Trades Council, 507 U.S. at 228-29, 113 S.Ct. 1190, to say that motive is relevant, the Supreme Court there simply reviewed its analysis in Wisconsin Dept. of Indus. & Labor v. Gould, 475 U.S. 282, 287-88, 106 S.Ct. 1057, 89 L.Ed.2d 223, in which it inquired into a statute’s purpose by examining the statute’s operation. See id. (“No other purpose could credibly be ascribed, given the rigid and undiscriminating manner in which the statute operates.”). It did not hold that individual legislators’ motive is relevant to whether state or municipal action is preempted by federal law.
Here, the only relevant inquiry is whether the resolution renders unavailable all, or substantially all, dock space within the City’s jurisdiction that could be configured to allow longline fishermen to land their fish. Were this a case in which the municipality had, in some manner, actually prevented such landings, then the argument for pre-emption would indeed be strong. But this is academic at the moment, because nothing approaching the actual prevention of docking by these fishermen has occurred.
This resolution does not even regulate longline fishing, nor does it prohibit or effectively prohibit such fishing. It merely limits access to one, single municipal dock; other docks remain unaffected by the resolution. As such, there is neither need nor authorization for the heavy hand of federal preemption today sanctioned by the majority.